COURT OF CHANCERY
OF THE
STATE OF DELAWARE

J. TRAVIS LASTER
VICE CHANCELLOR

New Castle County Courthouse
500 N. King Street, Suite 11400
Wilmington, Delaware 19801-3734

Date Submitted: August 15, 2014
Date Decided: August 25, 2014

Seth D. Rigrodsky
Brian D. Long
Gina M. Serra
Rigrodsky & Long, P.A.
2 Righter Parkway, Suite 120
Wilmington, DE 19803

James R. Banko
Farqui & Farqui, LLP
20 Montchanin Road, Suite 145
Wilmington, DE 19807

Collin J. Seitz, Jr.
Bradley R. Aronstam
Eric D. Selder
Seitz, Ross, Aronstam & Moritz, LLP
100 S. West Street, Suite 400
Wilmington, DE 19801

Edward B. Micheletti
Jenness E. Parker
Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
Wilmington, DE 19801

Ryan M. Ernst
O'Kelly, Ernst & Bielli, LLC
901 N. Market Street, Suite 1000
Wilmington, DE 19801

RE:  *In re Astex Pharmaceuticals, Inc. Stockholders Litigation*, Consolidated C.A. No. 8917-VCL

Dear Counsel:

The parties have asked the court to enter a Stipulated Order Withdrawing Plaintiffs' Counsel's Request for the Court to Retain Jurisdiction to Determine the Application for an Award of Attorneys' Fees and Closing the Case (the "Proposed Closure Order"). Because the parties have failed to provide notice to the remaining

members as required under *Advanced Mammography*, the request is denied.  *See In re Advanced Mammography Sys., Inc.  S'holders Litig.*, 1996 WL 633409 (Del.  Ch.  Oct. 30, 1996) (Allen, C.).

## FACTUAL BACKGROUND

On September 5, 2013, Astex Pharmaceuticals, Inc. ("Astex") and Otsuka Pharmaceutical Co., Ltd. ("Otsuka") entered into an Agreement and Plan of Merger (the "Transaction").  Immediately thereafter, various stockholder plaintiffs filed lawsuits in Delaware and California challenging the Transaction and asserting claims against Astex, the members of its board of directors, and Otsuka.  The claims included a contention that Astex's stockholders lacked sufficient information to make an informed decision about tendering their shares or seeking appraisal.  Astex filed a supplemental Schedule 14D-9 containing additional disclosures on October 1, 2013.  The court certified the class on November 2, 2013.

After the defendants moved for judgment on the pleadings, the named plaintiffs in both California and Delaware concluded that their remaining claims lacked merit, and the parties submitted a Stipulated Order Dismissing Action and Setting Schedule for Plaintiffs' Counsel's Application for an Award of Attorney's Fees and Expenses  on November 27, 2013 (the "Dismissal Order").  The Dismissal Order did not purport to compromise any claims on behalf of the remaining class members.  The parties submitted the Proposed Closure Order on August 12, 2014.

The Proposed Closure Order, along with an attached Stipulation Regarding Attorneys' Fees and Expenses, evinced the parties' agreement to pay the plaintiffs a mootness fee relating to the disclosure claims. On August 13, 2014, the court denied the Proposed Closure Order pending a further submission by the parties explaining how they had complied or proposed to comply with *Advanced Mammography*.

## LEGAL ANALYSIS

In *Advanced Mammography*, Chancellor Allen set out principles that govern the payment of a fee for mooted claims. "First, the defendants individually or a corporate defendant may agree to pay a reasonable fee to plaintiff's counsel, in . . . exercising the business judgment of the board, as in any expenditure of corporate funds." *Advanced Mammography*, 1996 WL 633409, at *1. In such a circumstance, "the court does not 'award' fees . . . and does not order that they be paid." *Id.* The board is not, however, "altogether free to exercise that judgment, as the pendency of a class action (and the risk of buy off that it inevitably presents) constrain the board." *Id.* If a board elects to pay a reasonable fee in the context of a stockholders' mooted claim, "it is necessary that the court be informed and that notice to the class of such payment be made and an opportunity to be heard made." *Id.* Finally, "in the context of a claim that is acknowledged to be moot and in which no consideration has been paid to the class, it is not appropriate for the court to purport to release any claims of the class." *Id.*

The second requirement—notice to the remaining members of the class—has not been met. The notice requirement serves at least two purposes. First, it affords members

of the class "an opportunity to show that the case really is not moot but that the proposed payment to counsel is the only motivation for the dismissal on that ground." *Id.* Second, it enables members of the class to object to the use of corporate funds for the purpose of paying a fee. *See id.*

The parties try to distinguish *Advanced Mammography* on the grounds that no fee agreement accompanied the dismissal, which they say eliminates any risk of a buy off. While a dismissal combined with a contemporaneous agreement on fees might have created a greater risk of a buy off, staggering the events did not eliminate the risk that Chancellor Allen identified. Everyone involved knew that plaintiffs' counsel would be seeking and likely receiving some level of fee. Intelligent people, like those in this case, have the ability to think ahead and adapt their behavior to take into account foreseeable future events. The lack of a contemporaneous agreement also does not address the role of notice in permitting other class members to object to the use of corporate funds.

The plaintiffs also emphasize that the Dismissal Order only dismissed with prejudice the claims of the named plaintiffs, so no one else in the class was harmed. That satisfies the third requirement of *Advanced Mammography*—that a dismissal not purport to release claims of the class without consideration—but it does not address the notice requirement.

The parties have pointed to stipulated orders that this court has approved without requiring compliance with *Advanced Mammography*. As Chancellor Allen remarked in that decision,

> [t]he court has attempted in the past to make the foregoing clear, but being busy and trusting in Delaware counsel, there are no doubt examples of cases in which our orders have done more than is appropriate in the context of a moot case.  These unadjudicated precedents do reflect our reliance upon counsel, rather than a conscious resolution of principle.

*Id.* at *2.  The stipulated orders do not signal a departure from *Advanced Mammography*.

I am not requiring that the parties comply with *Advanced Mammography* because I have any reason to suspect that a buy off occurred here.  Just as fences make good neighbors, and locks help keep honest people honest, the procedural requirements of *Advanced Mammography* provide salutary protection in mootness dismissals.

## CONCLUSION

The request that the Court enter the Closure Order is **DENIED**.  The parties shall submit a revised order contemplating notice to the class.  In preparing the revised order, the parties shall consider whether adequate notice can be accomplished by means other than an individualized mailing, such as through a public filing in a Form 8K or similar document.

Very truly yours,

*/s/ J.  Travis Laster*

J.  Travis Laster
Vice Chancellor